IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STEVE HERNANDEZ,

        Petitioner,

vs.                                  No. CIV-10-562 MV/WDS

MIKE HEREDIA, Warden,
and GARY K. KING,
Attorney General for the
State of New Mexico,

        Respondents.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

      **THIS MATTER** comes before the Court on Petitioner Steve Hernandez's ("Petitioner")

Petition under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody with

accompanying exhibits filed June 11, 2010 [Doc. 1] and Mike Heredia, Warden, and Gary K. King,

Attorney General for the State of New Mexico's ("Respondents") Answer with accompanying

Exhibits filed July 26, 2010 [Doc. 9]. Having considered the Petition, the Answer, and the applicable

law, this Court recommends that the Petition for Writ of Habeas Corpus be denied on the merits and

dismissed with prejudice. Because the issues are resolved on the pleadings and the record establishes

conclusively that Petitioner is not entitled to relief, an evidentiary hearing is not necessary. *See Trice*

*v. Ward,* 196 F.3d 1151, 1159 (10th Cir. 1999).

## CLAIMS

      As grounds for federal habeas review, Petitioner raises the following two claims: ineffective

assistance of counsel resulting in an involuntary plea and  ineffective assistance of counsel for

failure to conduct an adequate investigation into the prosecution's case and/or for failure to pursue

pretrial motions.

## FACTUAL AND PROCEDURAL BACKGROUND FINDINGS

Petitioner is currently in custody of Anthony Romero, Warden, pursuant to a Judgment, and Order Partially Suspending Sentence, filed in the Fifth Judicial District Court, Eddy County, Cause No. CR-2008-00017, filed December 12, 2008. [Doc. 9, Exh. A].  At the time of the filing of the Petition, Petitioner was incarcerated at the Southern New Mexico Correctional Facility, and Mike Heredia is the warden of that facility. [Doc. 9].  For purposes of the "in custody" requirement of 28 U.S.C. §2254, Petitioner was in custody at the time of the filing of the Petition on June 11, 2010 and remained in custody as of July 26, 2010, the date of the filing of the Answer.

Petitioner was arrested and charged in the Fifth Judicial District, Eddy County District Court, Cause No. CR-2008-0017 with the following crime: Count 1–Trafficking (by distribution), a second degree felony[1].  Petitioner entered into a Plea Agreement  [Doc. 9, Exh. B] that provided that "Defendant shall be sentenced to nine (9) years, followed by two (2) years parole.  The Defendant's sentence shall be suspended up to a cap of five (5) years, enhanced by any valid habitual sentence, provable by the State." [Doc. 9, Exh. B].  In accordance with the Plea Agreement, Petitioner was sentenced on December 12, 2008 to a term of nine (9) years followed by two (2) years parole.  The sentence was enhanced by one (1) year pursuant to the habitual offender statute, for a total incarceration term of ten (10) years.  The state district court suspended four (4) years for a total

---

[1]The case was resolved by plea bargain, and there are few specifics about the factual basis for the trafficking charge, but Petitioner admitted to giving methamphetamine to a young girl who took the drug and died after using it.  At his sentencing, Petitioner's attorney acknowledged that he allowed her to have the drug, that the use of the drug was a factor in her death, and that Petitioner had remorse for his actions.

incarceration term of six (6) years.  Following completion of his term, Petitioner will be placed on supervised probation for four (4) years, which will run concurrently with the two-year parole term. [Doc. 9, Exh. A].

Petitioner filed a Petition for Writ of Habeas Corpus in the Fifth Judicial District Court on March 19, 2010, which was denied on March 23, 2010.  [Doc. 1, p. 26; Doc. 9, Exh. H].  In denying the Petition, the district court judge found, *inter alia,* that Petitioner testified at the plea hearing that he understood the Plea Agreement and consented to its terms and that the sentence imposed was consistent with the Plea Agreement.  [Doc. 9, Exh. H].  Petitioner filed a Petition for Writ of Certiorari to the New Mexico Supreme Court on April 15, 2010, which was denied by Order entered April 28, 2010.  [Doc. 9, Exh. I and J].  On June 11, 2010, Petitioner filed a Motion for Reconsideration of Sentence, which was denied on the same date. [Doc. 1, pp. 22-25].  On June 11, 2010, Petitioner filed his federal Petition for a Writ of Habeas Corpus. [Doc. 1].

## STANDARD OF REVIEW

Because Petitioner is in custody pursuant to the judgment of a state court, the provisions of 28 U.S.C. §2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), govern this case.  Under AEDPA, relief shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the petitioner can establish that the State court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. §2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. §2254(d)(2).

A state court decision is "contrary to" clearly established federal law if it "arrives at a conclusion opposite to that reached by the Supreme Court on a question of law" or "decides a case differently than the Court has on a set of materially indistinguishable facts." *Young v. Sirmons*, 486 F.3d 655, 662-63 (10th Cir. 2007), *cert. denied,* 128 S.Ct. 1269 (2008) (quoting *Torres v. Lytle*, 461 F.3d 1303, 1311 (10th Cir. 2006)).

A state court decision is an "unreasonable application" of federal law if it "identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* (quoting *Torres,* 461 F.3d at 1311). "[A] federal habeas court making the unreasonable application inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Penry v. Johnson*, 532 U.S. 782, 793 (2001) (quoting *Williams v. Taylor*, 529 U.S. 362, 409 (2000)). Even if the federal habeas court concludes that the state court decision applied clearly established federal law incorrectly, relief is appropriate only if that application was also objectively unreasonable. *Id.* In evaluating whether the state court's application of the law was reasonable, federal habeas courts may consider the decisions of the inferior federal courts. *Matteo v. Superintendent, SCO Albion*, 171 F.3d 877, 890 (3rd Cir. 1999) (citing *O'Brien v. Dubois,* 145 F.3d 16, 25 (1st Cir. 1998)).

If a state court resolves issues in a summary disposition with little or no legal reasoning, a federal habeas corpus still owes deference to the result. *Paine v. Massie*, 339 F.3d 1194, 1198 (10th Cir. 2003).

Petitioner's Claims

Ineffective Assistance of Counsel Causing an Involuntary Plea

In his Petition, Petitioner claims that the written plea agreement signed by him on March 7, 2007 did not reflect his understanding of his plea.  [Doc.1].  Petitioner claims that his attorney tricked him into a plea agreement that was different from what she told him because his attorney said that the plea agreement was for a prison term of  five years, but he is doing six years.[2] Petitioner claims that "he is innocent of the charges against him; however, he accepted the plea agreement because he felt like he had to." Petitioner further states that he "would not have entered a plea agreement had he received competent advice regarding the consequences of the plea."

Applicable Law

The Due Process Clause of the Fourteenth Amendment requires that a defendant's plea of guilty be entered intelligently and voluntarily.  *See Boykin v. Alabama*, 395 U.S. 238, 242 (1969). Under clearly established United States Supreme Court precedent, the test for determining the validity of a guilty plea is "whether the plea  represents a voluntary and intelligent choice among the alternative courses of action open to the defendant."  *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (quoting *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)).  During a  plea hearing, representations

---

[2]This Court notes that in Petitioner's Motion for Reconsideration of Sentence, Petitioner alleges that it was the district court who "reneged on the plea agreement." Although Petitioner raises ineffective assistance of counsel as a ground for reconsideration of the sentence, that claim was not based on the Plea Agreement in any respect. [Doc. 1, pp. 22-24].  Additionally, in a letter dated June 15, 2009 to a Ms. D'Ann Read requesting that Ms. Read look into the court records to be sure that the sentence was in accordance with the Plea Agreement, Petitioner alleges that he did not remember the court stating that "the one-year habitual was to be enhanced," and he understood that he was only to receive a nine-year sentence. [Doc. 1, p. 35].  Again, there is no allegation of ineffective assistance of counsel causing an involuntary plea.

made by the defendant, his lawyer, and the prosecutor, as well as any findings made by the judge accepting the plea, "constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison,* 431 U.S. 63, 73-74 (1977).

The controlling United States Supreme Court decision for the claim of ineffective assistance of counsel is *Strickland v. Washington*, 466 U.S. 668 (1984).  Where the basis for challenging a plea as involuntary rests on a claim of ineffective assistance of counsel, as in this case, a modified version of the *Strickland* standard applies.  That is, a habeas petitioner must first establish that counsel's conduct was objectively unreasonable and, second, to establish prejudice, Petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59; *United States v. Salazar*, 323 F.3d 852, 857 (10th Cir. 2003).  Because the test is two-pronged, if either prong is not met, it is unnecessary to discuss the other. *See Hill*, 474 U.S. at 60.

In attempting to establish that counsel's representation was "objectively unreasonable," Plaintiff must show that counsel's conduct was "completely unreasonable, not merely wrong." *Moore v. Gibson*, 195 F.3d 1152, 1178 (10th Cir. 1999).  "Petitioner must overcome the strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 688-689.  *See Bullock v. Carver*, 297 F.3d 1036, 1046-1047 (10th Cir.) (discussing strong presumption of reasonableness).  The Court must consider all of the circumstances, making every effort to "eliminate the distorting effects of hindsight," and to "evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689.

Petitioner must also demonstrate that he was prejudiced as a result of his counsel's deficient performance. As discussed *supra*, Petitioner must show that there is a reasonable probability that, but for the counsel's errors, "he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 559. A petitioner's mere assertion that he would have opted for trial is not enough to satisfy the prejudice prong. *United States v. Clingman*, 288 F.3d 1183, 1186 (10th Cir. 2002). Rather, the Court looks "to the factual circumstances surrounding the plea to determine whether [petitioner] would have proceeded to trial." *Id.* (citation omitted).

Discussion

Petitioner's contention that his counsel was ineffective causing an involuntary plea fails because Petitioner did not establish that his counsel's conduct was objectively unreasonable or that prejudice existed and because Petitioner did not establish that his plea was involuntary. As discussed below, Petitioner's conclusory allegations that his plea was involuntary are insufficient to overcome the statements made by him and others during the plea hearing and to overcome statements agreed to by Petitioner in the Plea and Disposition Agreement.

Petitioner's Plea Agreement provides in pertinent part:

1. **Agreement as to sentence.** That the following disposition will be made of the charges:

The Defendant shall be sentenced to nine (9) years, followed by two (2) years parole. The Defendant's sentence shall be suspended up to a cap of five (5) years, enhanced by any valid habitual sentence, provable by the State.

. . .

I have read and understand the above. I have discussed the case and my constitutional rights with my lawyer. I understand that I will be giving up my right to a trial by jury, to confront, cross-examine and compel the attendance of witnesses and my privilege against self-incrimination. [Doc. 9, Exh. B].

Petitioner appeared before the state district court judge at the hearing of July 17, 2008 in which the Petitioner verbally plead to one count of Trafficking (by Distribution). Upon questioning, Petitioner admitted that he had trafficked methamphetamine and that there was a factual basis for his plea. He represented to the Court that he understood his plea; that he understood that he had the right to plead not guilty; that he was giving up his right to have a trial, to present a defense, to cross-examine witnesses; that no one was forcing him to change his plea; that no promises were made other than those on the record; that he discussed his plea with his attorney and was satisfied with his attorney's advice; that there was nothing that would prevent him from understanding the contents of the plea; and that he was aware of the penalties.

Petitioner specifically acknowledged that the five year "cap" on his sentence would be enhanced based on his status as a habitual offender, and he acknowledged that he was the Steve Hernandez who was convicted in 2006 of aggravated assault on a family member. The Court has reviewed both the written plea agreement and the recorded transcript of the July 17, 2008 plea hearing and can discern no basis in fact for Petitioner's subsequent assertion that he believed that the habitual offender enhancement would be held "in abeyance." The state court accepted Petitioner's plea, finding that it was voluntarily entered into, knowingly, and intelligently made.

The Plea Agreement is approved and signed by the District Court, and the court made the finding that the Defendant understood the range of possible sentences, including that "[A]ny basic sentence shall be enhanced pursuant to §31-18-17, NMSA 1978 as a habitual criminal offender, if the defendant has any undisclosed prior felony convictions." The court further found, *inter alia,* that the Defendant understood all the constitutional rights to which he was giving up and wished to do so; that he understood and consented to the terms of the Plea Agreement; that the plea was voluntary

8

and not the result of force, threats or promises.  On the basis of these findings, the court concluded

that the Defendant knowingly, voluntarily, and intelligently plead guilty to the above charges.  At

the close of the Plea Agreement, Petitioner certified that the "judge personally advised me of the

matters noted above, that I understand the constitutional rights that I am giving up by pleading guilty

and that I desire to plead guilty to the charges stated." [Doc. 9, Exh. B].

In *Laycock v. State of New* Mexico, 880 F.2d 1184 (10th Cir. 1989), Petitioner alleged that

his counsel had promised him that he would receive a suspended sentence if he was accepted into

a drug treatment program.  The Tenth Circuit held that the facts and circumstances surrounding the

plea supported the district court's conclusion that counsel did not materially misrepresent the plea.

The Tenth Circuit noted that the alleged promise was not mentioned in the written plea agreement,

that the Petitioner answered "no" to the judge's question of whether other promises had been made

to him, and that none of the participants mentioned the promise at the plea or sentencing hearing.

*Id.* At 1186-1187.  As in *Laycock,* Petitioner in the present case stated to the district court judge that

no promises were made to him.  Unlike *Laycock,* where the record was silent regarding the alleged

promise, Petitioner was specifically told that his five year sentence would be enhanced because he

was a repeat offender.

Finally, the Court has reviewed the recorded transcript of Petitioner's December 8, 2008

sentencing.  Again, the five year sentence plus one year enhancement was discussed in depth by the

sentencing judge, prosecutor, and defense attorney.   There  was  no  mention  of  holding  the

enhancement in abeyance.  The Petitioner was specifically told that he would serve five years on the

trafficking charge, plus one year as an enhancement due to his status as a repeat offender.  Again,

the Court can find no factual basis for Petitioner's purported belief that he was only sentenced to a

five year term of imprisonment, rather than six years.

Petitioner's conclusory allegations fail to establish his ineffective assistance of counsel claim because even if any deficiency existed, it was obviated by the statements agreed to by Petitioner in the Plea Agreement and by the exhaustive steps taken by the state district court to apprise Petitioner of the plea, of the consequences of his plea, of the sentence, and also by statements by Petitioner. *See e.g., Worthen v. Meachum,* 842 F.2d 1179 (10th Cir. 1988), *overruled on other grounds, Coleman v. Thompson,* 501 U.S. 722 (1991).

Because Petitioner has not shown that his attorney's conduct was objectively unreasonable, he has failed to satisfy the first prong of the *Strickland* test. Accordingly, it is unnecessary for the Court to reach the second prong regarding prejudice. *See Hill,* 474 U.S. at 60. However, this Court notes that other than conclusory statements made by Petitioner that he would have gone to trial, he makes no showing to that effect. As discussed, *supra*, Petitioner must show that there is a reasonable probability that, but for the counsel's errors, "he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 559. A petitioner's mere assertion that he would have opted for trial is insufficient to satisfy the prejudice prong. *United States v. Clingman*, 288 F.3d at 1186. Rather, the Court looks "to the factual circumstances surrounding the plea to determine whether [petitioner] would have proceeded to trial." *Id.* (citation omitted). Petitioner alleges no facts whatsoever and this Court finds none that would suggest that Petitioner would have proceeded to trial if he thought the prison term was to be six years rather than five years. Accordingly, Petitioner also fails to meet the second prong of the *Strickland* test.

Petitioner has not met his burden to prove that the state court's findings or conclusions were "contrary to, or involved an unreasonable application of, clearly established Federal law," 28 U.S.C.

§2254(d)(1), or were "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. §2254(d)(2).

For the foregoing reasons, this Court recommends that habeas corpus relief be denied on Petitioner's claim of ineffective assistance of counsel causing an involuntary plea.

Ineffective Assistance of Counsel for Failure to Conduct an Adequate Investigation and/or Failure to Pursue Pretrial Motions.

Petitioner asserts the constitutional violation of ineffective assistance of counsel for failing to investigate the prosecution's case and/or for failing to pursue pretrial motions.  Petitioner claims that "[A] proper defense for Petitioner in this case would have included, at minimum, a challenge to the prosecution's case under Article II Section 14 of the New Mexico State Constitution.... Petitioner's counsel had arguable grounds to support a motion to dismiss the Grand Jury Indictment. Petitioner contends that under duress detectives coerced him into saying things that were untrue." [Doc. 1, p. 7]. While not directly addressing this claim, the state district court in effect denied this claim by finding that the Defendant understood the Plea Agreement and the sentence imposed was consistent with the plea agreement. [Doc. 9, Exh. H].  The Plea Agreement states in pertinent part:

> WAIVER OF DEFENSES AND APPEAL: Unless this plea is rejected or withdrawn, the defendant gives up all motions, defenses, objections, or requests which he has made or could make concerning the Court's entry of judgment against him if that judgment is consistent with this agreement.  The defendant specifically waives his right to appeal as long as the court's sentence is imposed according to the terms of this agreement.

Because Petitioner's plea was not rejected or withdrawn and because the sentence was imposed according to the terms of the Plea Agreement, Petitioner has failed to rebut the presumption of correctness afforded the state court's decision.

In addition, the state court's actions are in accordance with clearly established federal law

as this claim does not present cognizable grounds for federal habeas relief.  A voluntary and

unconditional guilty plea waives non-jurisdictional errors occurring before the entry of the plea,

except for an ineffective assistance of counsel claim which implicates the nature of the plea.  *Tollett*

*v. Henderson,* 411 U.S. 258, 267 (1973).  In *Tollett,* the United States Supreme Court stated:

> A guilty plea represents a break in the chain of events which has preceded it in the
> criminal process.  When a criminal defendant has solemnly admitted in open court
> that he is in fact guilty of the offense with which he is charged, he may not thereafter
> raise independent claims relating to the deprivation of constitutional rights that
> occurred prior to the entry of the guilty plea.  He may only attack the voluntary and
> intelligent nature of the plea by showing that the advice he received from counsel
> was [inadequate].

*Tollett,* 411 U.S. at 267.  *See U. S. v. Salazar,* 323 F.3d 852, 856 (10th Cir. 2003).

Plaintiff's claim is a non-jurisdictional claim that occurred prior to the plea and does not

implicate the nature of the plea. This claim does not attack the knowing, voluntary, or intelligent

nature of Petitioner's plea, but instead relates to earlier alleged deprivations.  As discussed, *supra,*

once Petitioner entered his plea, all alleged non-jurisdictional defects in the proceedings were

waived.  *See Jeffries v. Hargett,* 132 F.3d 42, 1997 WL 755147 (10th Cir. 1997)(where the Tenth

Circuit stated: "[A]fter entering a guilty plea, the only issue that may be challenged by a habeas

petitioner is whether the plea was entered knowingly and voluntarily."); *Osborn v. Shillinger,* 997

F.2d 1324, 1327 (10th Cir. 1993)(a guilty plea bars subsequent challenges based on nonjurisdictional,

pre-plea errors.)  Because Petitioner's claim does not fall within the limited scope of pre-plea

jurisdictional defect cases to which *Tollett* has been held inapplicable, this claim is barred by

Petitioner's subsequent plea, and no federal relief may issue.

Plaintiff has not met his burden to prove that the state court's decision was "contrary to, or

involved an unreasonable application of, clearly established Federal law," 28 U.S.C. §2254(d)(1),

or was "based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. §2254(d)(2). Accordingly, this Court recommends that habeas corpus relief be denied on Petitioner's claim of ineffective assistance of counsel for failure to investigate or pursue pretrial motions.

## RECOMMENDED DISPOSITION

For the foregoing reasons, this Court recommends that the Petition for Writ of Habeas Corpus be denied on the merits and be dismissed with prejudice.

## NOTIFICATION

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN FOURTEEN (14) DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. §636(b)(1). A party must file any objections with the Clerk of the District Court within the fourteen (14) day period if that party wants to have appellate review of the Proposed Findings and Recommended Disposition. If no objections are filed, no appellate review will be allowed.**

_____
**W. DANIEL SCHNEIDER**
**United States Magistrate Judge**